OPINION OF THE COURT
Memorandum.
We have said previously that, under the Taylor Law (Civil Service Law, § 204, subd 1), the scope of permissible collective bargaining between boards of education and teachers associations concerning terms and conditions of employment is broad, "limited by plain and clear, rather than express, prohibitions in the statute or decisional law” (Syracuse Teachers Assn. v Board of Educ., 35 NY2d 743, 744). Equally well established is the restriction upon the freedom to arbitrate imposed by public policy, whether rooted in statute or decisional law or otherwise. (Matter of Susquehanna Val. Cent. School Dist. at Conklin [Susquehanna Val. Teachers’ Assn.], 37 NY2d 614, 616-617.)
The collective bargaining agreement at issue in this case provided that preference for the filling of vacancies or new positions be given to members of the Port Washington instructional and administrative staffs when the qualifications of applicants were substantially equal. Upon the occurrence of a vacancy in the position of junior varsity wrestling coach, three individuals applied for the position, only two of whom, Mr. Sperrazza and Mr. Di Pietro, were members of the district instructional staff and, thus, of the unit represented by respondent. Appellant eliminated Mr. Di Pietro as unqualified for the position. Thereafter, appellant appointed Mr. Cotlowitz, the nonmember of the bargaining unit, to the position of wrestling coach.
On these facts, we see no reason to vacate the arbitrator’s award, ordering appointment of Mr. Sperrazza to the vacant position, as violative of public policy. Concededly, Mr. Sperrazza was qualified for the position of wrestling coach; otherwise appellant would have eliminated him from consideration as it had Mr. Di Pietro. In ordering Mr. Sperrazza’s appoint *748 ment, the arbitrator merely selected the only member of the bargaining unit whom appellant had considered qualified to fill the vacancy. The arbitrator was not presented with a field of applicants from which he took it upon himself to select the individual who, in his judgment, was most qualified for the position of wrestling coach. Were that the case, we would be faced with a different question, the answer to which we need not express an opinion today.
In concluding as we do, we are not unmindful of the duty imposed upon boards of education to employ qualified teachers. (Education Law, § 1709, subd 16.) We have recognized before that the surrender in collective bargaining agreements of powers granted to boards of education by statute to an arbitrator may later prove inconvenient or even disruptive of the operation of a school district. This, however, is a contingency which should have been considered at the bargaining table. (Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578, 583-584.) The order of the Appellate Division should be affirmed, with costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.