**Lenora A. MURRAY**

v.

**WATERVILLE BOARD OF EDUCATION et al.**

Supreme Judicial Court of Maine.

Aug. 15, 1978.

Sunenblick, Fontaine & Reben by Donald F. Fontaine, Portland (orally), for plaintiff.

James E. Millet, Clyde L. Wheeler, P. A., (orally), Waterville, for defendants.

Joseph E. Brennan, Atty. Gen., Kate Clark Flora, Asst. Atty. Gen., Augusta, for amicus curiae.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and NICHOLS, JJ.

POMEROY, Justice.

On March 21, 1975 Lenora A. Murray, a public school teacher employed by the Waterville Board of Education (Board), filed a complaint with the Maine Human Rights Commission alleging that the Board, its members, and its Superintendent of Schools had discriminated against her on the basis of sex. Subsequently, Mrs. Murray brought an action in Superior Court charging that the Board's [1] refusal to allow her to use accumulated sick leave with pay to cover a period of absence due to temporary disability stemming from childbirth was a violation of 5 M.R.S.A. § 4572(1)(A) [2] of the Maine Human Rights Act, 5 M.R.S.A. §§ 4551, *et seq.* She further alleged that the Board's actions deprived her of her right to minimum sick leave statutorily provided under 20 M.R.S.A. § 1951 and deprived her of her rights as guaranteed by Me.Const., Art. 1, § 6–A.

After Mrs. Murray returned to work, the Board intended to deduct certain amounts

---

1. For simplicity's sake, references to the Waterville Board of Education throughout this opinion shall include the other defendants in this action as well.

2. *It shall be unlawful employment discrimination, in violation of this Act, except where based on a bona fide occupational qualification:*

*A. For any employer to fail or refuse to hire or otherwise discriminate against any applicant for employment because of . . . sex . . . or discriminate with respect to hire, tenure, promotion, transfer, compensation, terms, conditions or privilege of employment, or any other matter directly related to employment . . . .*

from her paycheck[3] to cover the period of her absence, since she had already been paid her full salary during the time she was disabled. Accordingly, Mrs. Murray requested relief in the form of a preliminary and permanent injunction.[4] After the preliminary injunction was granted, Mrs. Murray moved for summary judgment on her request for a permanent injunction. The injunction was then granted on the grounds that the Board's actions were *"in violation of [Mrs. Murray's] right to be free from discrimination on the basis of sex in the terms and conditions of her employment."* The Board then appealed.

The following pertinent facts are not in dispute. Mrs. Murray had been employed by the Waterville Board of Education since September 1, 1972. At the time she gave birth, she missed eighteen teaching days. It is clear that Mrs. Murray was medically disabled during that period and, in fact, took the time off on the advice of her physician. Mrs. Murray did not take time off for a *"maternity leave"* in order to adjust to her new family.

Mrs. Murray was entitled to a certain amount of sick leave with full pay, both under 20 M.R.S.A. § 1951 and under an Agreement then in force between the Waterville Teachers Association and the Board. She had accumulated sufficient sick leave days by the time of her absence to cover the eighteen days. It was the policy of the Board, however, to exclude pregnancy and childbirth from sick leave coverage while allowing coverage for all other temporary disabilities of whatever origin.

On appeal, the Board raises several contentions. Among them, it asserts that, under the rationale of *Geduldig v. Aiello,* 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974), the denial of sick leave to pregnant teachers does not violate equal protection. Moreover, it claims that its actions are not in violation of the Maine Human Rights Act.

■ We deny the Board's appeal. We do not reach the contentions raised by the Board, however. Instead we find that, under the circumstances presented in this case, State law—20 M.R.S.A. § 1951—provides that sick leave covers temporary disability due to pregnancy.[5]

Section 1951 provides in part that

> *Each administrative unit operating public schools within the State shall grant all certified teachers, except substitute teachers as defined by the commissioner, a minimum annual sick leave of 10 school days accumulative to a minimum of 90 school days without loss of salary. . . Any other plan of sick leave which, in the opinion of the Commissioner of Educational and Cultural Services, provides <u>at least equal benefits</u> may be approved in lieu thereof. . . .* (emphasis supplied)

**3.** As of the time of filing the action in Superior Court, the Board had, in fact, already started deducting one hundred dollars every other week.

**4.** Mrs. Murray also requested damages as well as attorney's fees and costs. The request for damages, however, was eventually dismissed. Also dismissed was that portion of the complaint in which the Waterville Teachers Association had joined as plaintiffs, seeking a declaratory judgment that certain articles of an Agreement entered into between the Waterville Teachers Association and the Board was against public policy and contrary to law. Only the request for the injunction is now before us.

**5.** In granting the permanent injunction, the Justice below apparently did not reach the issue of interpretation of 20 M.R.S.A. § 1951,

concluding instead that the Board's actions in and of themselves were discriminatory. While Mrs. Murray filed no cross-appeal in the action, we nevertheless conclude that the interpretation of the statute is properly before us. In *Littlefield v. Littlefield,* Me., 292 A.2d 204 (1972) we considered when the filing of a cross-appeal is appropriate. We there decided that a cross-appeal is required when the "*appellant is to be required to <u>defend</u> some parts of the judgment.*" *Id.* at 209. (emphasis in original) Here, the Board is not required to defend any portion of the judgment. Mrs. Murray has merely brought to our attention an alternative ground on which to uphold the judgment; she is not attacking the judgment in any way. Moreover, this issue was properly pleaded and raised below. It is clear that the issue is now open to our review.

■ It is thus apparent that a school teacher is entitled to minimum benefits under a sick leave plan and that no other plan may be used if it provides less benefit than that accorded by statute. The question presented here for resolution, then, is whether sick leave includes, as a mandatory benefit to which teachers are entitled as a matter of right, a temporary medical disability associated with pregnancy.

We conclude that it does.

Nowhere in our statutory scheme is there any definition of the types of disabilities for which sick leave may be granted.[6] With no statutory definitions to guide us, we therefore turn to an analysis of the apparent purpose of providing sick leave.

In a case concerning issues similar to those presented here which was submitted to the Voluntary Labor Arbitration Tribunal by the Waterville Teachers' Association and the Waterville Board of Education, an arbitrator found that the purpose of sick leave benefits, as granted under an agreement entered into between the two parties, was *"to provide compensation to teachers for days lost from work on the grounds that a competent medical doctor has instructed the teacher not to work."* *Waterville Teachers Association v. Waterville Board of Education*, Case No. 1139–0933–76 (1976) (Pinkus, Arb.) (unreported). The arbitrator later phrased the issue before him as *"not whether sick leave should be <u>expanded</u> to include childbirth but rather whether childbirth or any other particular cause of physical inability to work should be <u>carved out</u> of the general category of absence on the basis of doctor's orders."* (emphasis supplied) We find these statements instructive in construing the statute from which sick leave benefits for teachers derive.

■ The clear purpose of such legislation is to remove some of the economic burdens attendant on temporary absences from work caused by a temporary medical disability. The removal of such burdens contributes to the economic stability of the individual or his family and is sound public policy. Given this purpose, we find no basis in reason for excluding from coverage a temporary and bona fide medical disability solely on the basis that the disability results from childbirth. The economic impact of being on leave without pay is the same whether a disability is caused by pregnancy or any other medically recognized factor.[7]

We have been unable to find other cases dealing with an interpretation of sick leave statutes in the context presented here. However, we note that the Personnel Rules, promulgated by the Department of Personnel of the State of Maine pursuant to 5 M.R.S.A. § 592, allow accumulated sick leave to be credited towards maternity leave. Personnel Rule 11.16.[8] Similarly, the United States Civil Service Commission has interpreted the federal statute granting sick leave to federal employees, 5 U.S.C. § 6037, as including pregnancy and confinement-related incapacities. 5 C.F.R. § 630.-401.

■ We find then, in this case, that temporary disability resulting from pregnancy, which a physician deemed to require absence from work, should not be excluded from sick leave coverage under 20 M.R.S.A. § 1951. Accordingly, the entry must be:

Appeal denied.

Judgment affirmed.

---

**6.** *Compare* 20 M.R.S.A. § 1951 with an Oregon equivalent as discussed in *Hutchison v. Lake Oswego School Dist.*, 374 F.Supp. 1056 (D.Or. 1974). As then written, O.R.S. 342.-595(1)(a) defined sick leave as *"absence from duty because of a teacher's illness or injury."* Such a definition was deemed to exclude maternity. *Id.* at 1059.

**7.** In the instant case, the economic burden of depriving Mrs. Murray of eighteen days' pay is undeniably great. By the time the Board started to dock Mrs. Murray's pay check, her husband faced imminent lay-off at the mill where he was employed.

**8.** The Rule provides in part that:

*Permanent employees shall be entitled to utilize sick leave credits as maternity leave during the period beginning with the 8th month of pregnancy and terminating at the beginning of the 3rd month after delivery . . . . .*

McKUSICK, C. J., sat at oral argument, but participated no further.

GODFREY, J., did not sit.