## MILLINOCKET SCHOOL COMMITTEE

v.

## MILLINOCKET TEACHERS ASSOCIATION.

Supreme Judicial Court of Maine.

Sept. 1, 1978.

Drummond, Woodsum, Plimpton & MacMahon by Hugh G. E. MacMahon, Portland (orally), for plaintiff.

Sunenblick, Fontaine & Reben by Donald F. Fontaine, Portland (orally), for defendant.

* McKUSICK, C. J., sat at oral argument but participated no further.

1. The arbitrators ordered the following provision inserted in the contract:

The Committee agrees to treat pregnancy, childbirth, false pregnancy, termination of pregnancy, and recovery therefrom and any temporary disability resulting therefrom as

Before McKUSICK,* C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

PER CURIAM.

Millinocket School Committee and Millinocket Teachers Association had negotiated and, ultimately, entered into interest arbitration pursuant to 26 M.R.S.A. § 961–973 (Municipal Public Employees Labor Relations Law) in an effort to resolve whether loss of salary due to pregnancy should be compensable as sick leave. The arbitrators determined that temporary disability resulting from pregnancy and childbirth was to be treated "as any other temporary disability for all job related purposes," and that the contract of employment should so provide.[1] In a review authorized by 26 M.R.S.A. § 967, through the medium of a Rule 80B complaint, the Superior Court affirmed the decision of the arbitrators and the plaintiff has appealed. *See Maine Sch. Admin. Dist. # 5 v. M. S. A. D. # 5 Teach. Ass'n,* Me., 324 A.2d 308 (1974).

In *Murray v. Waterville Board of Education,* Me., 390 A.2d 516, 519 (1978), we construed the term "sick leave" in 20 M.R.S. § 1951 to include "as a mandatory benefit to which teachers are entitled as a matter of right, a temporary medical disability associated with pregnancy." It is now clear that pregnancy related disability is compensable as sick leave, not because of a contract between the parties, but because the statute mandates it. There is no occasion to engage in interest arbitration on an issue the parameters of which are governed by a statute.

Our decision in *Murray, supra,* has rendered moot the issue raised by the instant appeal.

The entry is:

Appeal dismissed.

any other temporary disability for all job related purposes, including commencement, duration and extensions of leave, payment of disability income, accrual of seniority and any other benefit of service, and reinstatement, and under any fringe benefit offered to employees by virtue of employment.

Remanded to the Superior Court for further proceedings consistent with this opinion.

DELAHANTY, J., did not sit.

POMEROY, WERNICK, GODFREY and NICHOLS, JJ., concurring.