**BOARD OF DIRECTORS OF MAINE
SCHOOL ADMINISTRATIVE
DISTRICT NO. 33**

v.

**TEACHERS' ASSOCIATION OF MAINE
SCHOOL ADMINISTRATIVE
DISTRICT NO. 33.**

Supreme Judicial Court of Maine.

Dec. 29, 1978.

Drummond, Woodsum, Plimpton & MacMahon, P. A. by Harry R. Pringle (orally), Portland, for plaintiff.

Sunenblick, Fontaine & Reben by Donald F. Fontaine (orally), Portland, for defendant.

Before POMEROY, WERNICK, DELAHANTY, GODFREY and NICHOLS, JJ.

POMEROY, Justice.

Defendant Teachers' Association appeals from a decision of the Superior Court, Aroostook County, vacating the award of an arbitrator pursuant to 14 M.R.S.A. § 5938.[1]

---

1. 14 M.R.S.A. § 5938 (Supp.1978) provides in part:

1. *Vacating Award.* Upon application of a party, the court shall vacate an award where:
   A. The award was procured by corruption, fraud or other undue means;
   B. There was evident partiality by an arbitrator appointed as a neutral or corruption in

any of the arbitrators or misconduct prejudicing the rights of any party;
   C. The arbitrators exceeded their powers;
   D. The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of

We sustain the appeal, and remand with instructions to confirm the arbitrator's award.

In 1975 the parties signed a collective bargaining agreement governing the terms and conditions of employment for teachers employed by the District. Unable to reach a compromise on the status of teachers ·disabled by pregnancy and childbirth, the parties submitted that issue to interest arbitration. The resultant contract contained the following Article XIII, inserted as a result of this arbitration:

*The parties agree that disputes arising from pregnancy-related disability shall be resolved in accordance with the then applicable administrative and judicial rulings.* (Emphasis supplied).

The agreement also provided for binding arbitration of grievances; the latter were defined by Article IV B(1) as

*Any alleged violation of this Agreement or any dispute with respect to its meaning or application.*

Cleo Ouellette was absent from her teaching duties for some thirty-seven days in the latter part of 1975 and early 1976 as a result of pregnancy and childbirth. Though she had accumulated sick leave credits sufficient to cover this time, the School Board refused her request to be allowed to use them for this purpose. A grievance was filed and arbitration took place on November 30, 1976.

The issue submitted to the arbitrator was whether the denial of sick leave benefits by the Board violated the Agreement, and if so, what remedy would apply. At the hearing federal and state administrative regulations under the federal Civil Rights Act of 1964 [2] and the Maine Human Rights Act [3]

were presented to the arbitrator, together with the Superior Court decision in *Murray v. Waterville Board of Education,* [4] enjoining the Waterville Board of Education from denying disability pay for pregnancy and childbirth.

On February 1, 1977, the arbitrator ordered that Mrs. Ouellette be paid for her absence, such pay to be charged to her accumulated sick leave. The arbitrator concluded that the parties had agreed to be bound by rulings *"then applicable"*, which he interpreted to mean applicable at the time the dispute arose; that federal and state regulations required such payment, and that the only judicial ruling submitted to him supported this view.

The Board thereupon filed an Application to Vacate Arbitration Award in the Superior Court for Aroostook County. The presiding Justice vacated the award, holding that Article XIII required the arbitrator's award to be *"in accordance with"* applicable law—that is, correct—and that existing precedent did not require payment.

Our analysis and decision focus on the review of the award by the Superior Court. We conclude that the presiding Justice erred in vacating the award.

Arbitration has become, in a complex world, a dispute settlement mechanism favored by the courts. In 1967 this State adopted the Uniform Arbitration Act, joining many others in seeking to encourage the resolution of disputes without resort to costly and time-consuming litigation. If arbitration is to have any vitality as an alternative to litigation it must offer, like litigation, the prospect of finality. Consequently, the Maine Arbitration Act provides in § 5937 that

---

section 5931, as to prejudice substantially the rights of a party;

E. There was no arbitration agreement and the issue was not adversely determined in proceedings under section 5928 and the party did not participate in the arbitration hearing without raising the objection; or

F. The award was not made within the time fixed therefor by the agreement or, if not so fixed, within such time as the court has ordered, and the party has not waived the objection;

But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

2. In particular 31 C.F.R. § 51.54(d)(2) (effective November 10, 1975).

3. 5 M.R.S.A. §§ 4551, *et seq.*, (Supp.1973).

4. Superior Court, Kennebec County, Docket No. 78–824, *affd.* 390 A.2d 516 (1978).

*Upon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 5938 and 5939.* (Emphasis supplied).

Sections 5938 and 5939 provide grounds, respectively, for vacating and for modifying or correcting an award.[5] Unless the party seeking such action pleads and proves a ground specified in one such section, the court *must* confirm the award.

 In the instant case, the sole ground upon which vacatur was premised was that the arbitrator exceeded his powers in making the award, 14 M.R.S.A. § 5938(1)(c).[6] Such a claim is always open to judicial review. *Board of Directors of Maine School Administrative District No. 75 v. Merrymeeting Educators' Assoc.*, Me., 354 A.2d 169 (1976); *Trustees of Boston & Maine Corp. v. Massachusetts Bay Transp. Auth.*, 363 Mass. 386, 294 N.E.2d 340 (1973).

 Appellees' argument, however, is essentially that the arbitrator committed legal error justifying vacatur in determining that, under then existing legal precedents, compensation was required.[7] The Superior Court apparently accepted this contention as controlling.[8] In this case, as it turns out, the arbitrator was absolutely correct in his interpretation of the applicable law. Even if he had not been, an error of law in the circumstances is not a ground on which the Court may vacate the award. For the arbitrator to make an error of law is not to "exceed his powers" so that vacation of the award is authorized under 14 M.R.S.A. § 5938(1)(c).

 In bargaining for an arbitrator's decision, the parties bargain as well for the arbitrator's interpretation of the law. The arbitrator's decision is final and binding and non-reviewable save as specifically provided by 14 M.R.S.A. § 5938. A reviewing court is not empowered to overturn an arbitration award merely because it believes that sound legal principles were not applied. *See, Communication Equipment Workers, Inc. (Ind.) v. Western Elec. Co.*, 320 F.Supp. 1277 (D.C.Md.1970).

The Superior Court should have confined its review to a determination of whether the arbitrator considered only evidence contemplated by the agreement, and whether the procedure followed was free of partiality, corruption, and fraud.

To make an independent analysis of the very issue submitted to arbitration was error.

Accordingly, the entry is:

Appeal sustained.

Case remanded to the Superior Court with instructions to enter an order confirming the arbitrator's award.

McKUSICK, C. J., and ARCHIBALD, J., did not sit.

---

5. As to § 5938, *see supra*, n. 1. Section 5938 is not at issue here, there having been no petition seeking to modify or correct the award.

6. The Application to Vacate alleges three grounds: *"6. The arbitrator rendered an award in violation of Maine law, exceeded his powers in rendering said Award, and added to, subtracted from and modified the collective bargaining agreement between the parties in so doing."* The first accusation is irrelevant in a § 5938 application, and we regard the last as merely a restatement of the second.

7. With respect to the merits of this claim, *see Murray v. Waterville Board of Education*, Me., 390 A.2d 516 (1978).

8. In its brief opinion the court held that *"the phrase 'in accordance with' [then applicable precedents] implies that the arbitrator must be correct in his interpretation of law. Thus the parties have bargained to have the dispute resolved under applicable law and not by the arbitrator's construction of such law unless the arbitrator is correct."* The court went on to determine that the arbitrator was incorrect, *citing Caribou Teachers Association v. Board of Education*, Civil No. 74-75 (N.D.Me.1975) and *General Electric Co. v. Gilbert*, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976).