**MONMOUTH SCHOOL COMMITTEE**

v.

**Nahum A. HUSTON.**

Supreme Judicial Court of Maine.

Argued Nov. 9, 1981.
Decided Dec. 1, 1981.

Lund, Wilk, Scott & Goodall, Clifford H. Goodall (orally), Augusta, for plaintiff.

Sunenblick, Fontaine & Reben, Donald F. Fontaine (orally), Portland, for defendant.

Before NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

Plaintiff appeals from a judgment entered in Superior Court (Kennebec County) confirming the arbitrator's award in a labor dispute and denying plaintiff's motion to vacate the award for lack of timeliness. The question presented is whether plaintiff waived its right to object to the lateness of the award. We find a waiver and deny the appeal.

In February 1975 the Monmouth School Committee failed to renew defendant's teaching contract. Having exhausted his administrative remedies, Huston filed an action against the Committee in the United States District Court which dismissed the action with prejudice upon an agreement by the parties to submit the dispute to arbitration. The voluntary agreement provided that the dispute would be arbitrated "under all relevant and applicable Voluntary Labor Arbitration Rules of the American Arbitration Association (AAA) . . . except as modified below . . . ." ' AAA Rule 37 provides:

Time of Award—The award shall be rendered promptly by the arbitrator and, unless otherwise agreed by the parties, or specified by the law, not later than thirty days from the date of closing the hearing, or if oral hearings have been waived then from the date of transmitting the final statements and proofs to the arbitrator.

The arbitration hearing in the present case was completed in October 1976. In June 1980, forty-four months later, the arbitrator sent a notice of award to the parties, reinstating Huston with back pay and benefits. At no time during the forty-four month period did either party object to the failure of the arbitrator to make an award.

■ In agreeing to arbitrate a labor dispute, the parties commit themselves to an alternative to court in an *attempt* to achieve a fast, efficient resolution of their disagreement. *Board of Directors of Maine School Administrative District No. 33 v. Teachers' Ass'n of Maine School Administrative District No. 75*, Me., 395 A.2d 461 (1978). The court's role is the very limited one of enforcing valid awards as provided in the Uniform Arbitration Act, 14 M.R.S.A. § 5937 (1980):

Upon application of a party, the court *shall confirm* an award *unless* within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 5938 and 5939. (emphasis added)

The court's inquiry into the validity of an agreement under a Section 5938 motion to vacate is confined to determining whether the procedure was free of partiality, corruption and fraud, whether the arbitrator acted appropriately under the terms of the agreement and whether the award was timely. *See Board of Directors of Maine School Administrative District No. 33 v. Teachers' Ass'n of Maine School Administrative District No. 33, supra.*

In the instant case, plaintiff moved to vacate the arbitrator's award under 14 M.R.S.A. § 5938(1)(F)[1] because the award was

---

1.  Section 5938(1)(F) (1980) provides:
    Upon application of a party, the court shall vacate an award where:

*F.* The award was not made within the time fixed therefor by the agreement, or, if not so fixed, within such time as the court has or-

not made within the thirty day limit set by AAA Rule 37 which was incorporated in the agreement to arbitrate. The AAA Rules, however, also contain a waiver provision which has become part of the contract just as Rule 37 has. AAA Rule 33 provides:

> Waiver of Rules—Any party who proceeds with the arbitration after knowledge that any provision or requirement of these Rules has not been complied with and who fails to state his objection thereto in writing shall be deemed to have waived his right to object.

■ Plaintiff contended at oral argument that the Rule 33 waiver applies only to rules governing the pre-hearing and hearing phases of arbitration. We see no reason for such a limitation. The purpose of a waiver provision like that contained in Rule 33 is to enhance the prospect of arbitral finality which is a necessity if arbitration is to offer an effective alternative to litigation. *Board of Directors of Maine School Administrative District No. 33 v. Teachers' Ass'n of Maine School Administrative District No. 33, supra.* The waiver provision promotes efficient dispute resolution by preventing a party from waiting to see if the arbitrator rules in his favor before claiming that the arbitration procedure did not conform to the rules. *Lent's, Inc. v. Santa Fe Engineers, Inc.,* 29 Wash.App. 257, 628 P.2d 488, 492 (1981); *Goble v. Central Security Mutual Ins. Co.,* 125 Ill.App.2d 298, 303, 260 N.E. 860, 863 (1970) (discussing Uniform Arbitration Act waiver provision). An arbitration is not completed until the award is delivered, and a party to the arbitration may object to the arbitration procedure any time until delivery without violating the intent of the waiver provision. However, under Rule 33, a party, such as plaintiff, which fails to state its objection to

the lateness of an arbitration award in writing prior to the delivery of the award has waived its objection.[2] *Lent's, Inc. v. Santa Fe Engineers, Inc.,* 29 Wash.App. 257, 628 P.2d 488, 492 (1981).

We note that this decision affirming the judgment of the Superior Court will further the goals of arbitration by preventing any more undue delay. *See Cape Elizabeth School Board v. Cape Elizabeth Teachers Association,* Me., 435 A.2d 1381 (1981); *Cutler Associates, Inc. v. Merrill Trust Co.,* Me., 395 A.2d 453, 457 (1978). A contrary decision would have sent the case, on the same evidence, back to arbitration before the same arbitrator and would require further delay before the matter could finally be laid to rest.

The entry is:

Judgment affirmed.

Appeal denied.

All concurring.

---

dered, and the party has not waived the objection.

2. Defendant contends that this case is governed by the waiver provision of the Uniform Arbitration Act, 14 M.R.S.A. § 5934 (1980), which provides in pertinent part:

> A party waives the objection that an award was not made within the time required unless

he notifies the arbitrators of his objection prior to the delivery of the award to him. We are not called upon, however, to decide that question, for the Rule 33 waiver provision, which is incorporated into the voluntary arbitration agreement of the parties, while less specific than Section 5934, is adequate to cover the facts presented in this case.