STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-98-54
JRA - KUN - 6/6/200.

DAVID PRESBY,

      Plaintiff

    v.

PEN BAY BUILDERS, *et al.*,

      Defendants

**DECISION AND ORDER**

In this matter, the parties seek to affect an arbitrator's amended decision which sought to resolve litigation pending between them over a dispute concerning two contracts to perform commercial painting projects. For his part, the plaintiff first filed an application to confirm the arbitrator's award and then, later, filed a motion to modify the award. Between these two filings, the defendants filed an objection to the confirmation, seeking vacation of the award, but did not respond to the motion to modify.

By way of procedural history, the complaint in this matter was filed on February 25, 1998, but, on the parties' agreement, the case was referred to an arbitrator on July 24, 2000. The arbitrator, Roger Katz, Esq., issued his decision on October 10, 2000, after two days of hearings. In response to three objections to this decision by the parties, the arbitrator modified the decision in an order dated December 4, 2000.

The first two motions before the court may be considered together as the first seeks confirmation of the award as a pro forma step to give the award its full legal effect, and the second objects to that result and seeks vacation of the award.

The defendants' application to vacate the arbitrator's award articulates no objection to his decision except as to the award of attorney's fees which it complains

were ". . . procured by undue means and by misconduct . . ." and therefore ought to be vacated because this court is required to vacate an award ". . . where: [t]he award was procured by corruption, fraud or other undue means; . . ." 14 M.R.S.A. § 5938(1) (1979).

The factual and procedural history relied upon by the defendants in making this claim is straightforward, but does not support their claim that the award of attorney's fees was procured by "undue means." *Id.* In his decision of October 10, 2000, the arbitrator determined as a matter of law that the plaintiff was entitled to an award of reasonable attorney's fees as the substantially prevailing party in a proceeding to recover payment in a case involving a dispute over a construction contract. He then noted that the plaintiff had already submitted an affidavit to support an award of attorney's fees but that the defendants should have an opportunity to comment on or object to the affidavit and therefore gave them 10 days to do so. The defendants promptly accepted that invitation and challenged the legal basis for the award and the sufficiency of the affidavit itself. Thereafter, on October 24, 2000, the plaintiff filed a response to this challenge, and on November 20, 2000, in further response to correspondence to both attorneys from the arbitrator requesting plaintiff's counsel to submit a more detailed affidavit, filed a second affidavit and application for attorney's fees. The arbitrator then issued his modified decision on December 4, 2000, ordering the award of attorney's fees in the sum requested in the plaintiff's November 20 filing. The defendants claim they never received this November 20, 2000 application and affidavit and that, by virtue of that alleged omission, the award must be found to have been procured by "undue means" as it resulted from an ex parte submission.

As the proponent of a vacation of an arbitrator's award, the defendant ". . . has the burden of demonstrating one of the specific statutory grounds requiring the court

2

to vacate the award." *Pelletier & Flanagan v. Court Fac. Auth.*, 673 A.2d 213, 215 (Me. 2996) (*citing Concord Gen. Mut. Ins. Co. v. Northern Assur. Co.*, 603 A.2d 470, 472 (Me. 1992)). As noted, the statutory ground on which the defendants rely in this effort is the requirement that an arbitrator's award be vacated ". . . where: the award was procured by . . . other undue means." 14 M.R.S.A. § 5938(1)(A) (1979). The record, however, falls short of demonstrating that the award of attorney's fees was procured by the plaintiff by any untoward conduct by the arbitrator or plaintiff's counsel. Most significantly, the arbitrator made it clear that, in his view, the plaintiff was entitled to attorney's fees and was prepared to award them pending input from the defendant. This determination was made before the filing of the second affidavit and the procedural events on which the defendants rely had occurred. As such, no claim can be made that this decision was improperly influenced and, in this court's view, was legally correct in any case as the statute unambiguously requires the award of attorney's fees to the substantially prevailing party in a proceeding under the relevant chapter governing recovery of payments in a construction contract dispute. 10 M.R.S.A. § 1118(4) (1996).

Nevertheless, the defendants argue that because the arbitrator relied on the second affidavit from plaintiff's counsel, which allegedly was never sent to them, the award was made on an ex parte basis which amounts to an award "procured by . . . undue means." This court, of course, is in no position to resolve the factual dispute surrounding this event. The defendants' counsel claims he never received the second affidavit; plaintiff's counsel claims he sent it and points to his cover letter to the arbitrator accompanying the second affidavit which notes a copy was sent to

3

defendants' counsel.[1] *See* Objection to Plaintiff's Confirmation . . ., Exhibit G, p. 2. From this lean record, the court cannot conclude that the defendants have met their burden of persuasion that the arbitrator acted on ex parte information in fashioning his award of attorney's fees.

Even if it could be established that the second affidavit was sent to the arbitrator ex parte, this second submission differed from the first only in that it appears to have added the hours which apparently represented time devoted to the case from the date of the order of October 10, 2000, until the submission of the second affidavit on November 20, 2000, as well as $3.40 of additional costs. This second affidavit also attached an hourly billing summary which had been sent to the plaintiff by his attorney. Apparently this was offered as substantiation for the figures cited in the second affidavit. In any case, this affidavit, except for the noted updated hourly charges, is substantially the same as the first affidavit to which the defendants had objected unsuccessfully as to its legal basis and its format.[2] All this being so, it must be concluded that the award of attorney's fees was inevitable, that the ultimate sum awarded was not significantly different from the amount the defendants had an opportunity to contest, and any changes were rationally related to the small time spent

---

[1] One may speculate that plaintiff's counsel's letter of November 16, 2000, which accompanied his second affidavit, was sent to defendants' counsel's former firm as was the arbitrator's order of December 4, 2000. Apparently, some time in the autumn of 2000, Mr. Mancini, defendants' counsel, moved from the firm of Cloutier & Briggs in Camden to Drummond & Drummond in Portland. *See* Objection to Plaintiff's Confirmation . . . Exhibit F.

[2] The defendants objected to the first affidavit's form and the legality of awarding fees on October 18, 2000, but the arbitrator advised the parties that he would be awarding attorney's fees nonetheless via correspondence dated November 13, 2000. *See* "Objection to Plaintiff's Application . . .", Exhibit C; "Opposition to Defendants' Motion to Vacate . . .," Exhibit D.

4

on the case by plaintiff's counsel from the time the first affidavit was filed until the second was filed.

From all of this, it must be determined that the defendants have not met their burden of persuasion that the award of attorney's fees by the arbitrator was procured by "undue means." 14 M.R.S.A. § 5938(1)(A) (1979). That being so, the court is required to confirm the arbitrator's decision unless a motion to modify requires other action. 14 M.R.S.A. § 5938(4) (1979).

Such a motion has been filed by the plaintiff and has not been responded to by the defendants. This motion, which contained the warning prescribed by M.R. Civ. P. 7(b)(1) as to the consequences of an untimely response, is therefore entitled to favorable action as any opposition to it must be deemed to have been waived. M.R. Civ. P. 7(c)(3). As the plaintiff conceded at oral argument, however, the court cannot grant a remedy via such a waiver unless the law would permit it.

So, turning to an examination of the nature of the relief sought, the plaintiff asks this court to modify the arbitrator's decision to add interest on his unpaid invoices to the defendants which he claims 10 M.R.S.A. § 1114(4) (1996) requires. Such an award of interest would be in addition to the award of interest awarded by the arbitrator pursuant to 10 M.R.S.A. § 1118(2) (1996) which he determined to be the sole or exclusive remedy as to interest to be assessed against the defendants. The plaintiff argues that the arbitrator erred in this regard and asks this court to award the additional interest which he says 10 M.R.S.A. § 1114(4) (1996) requires.

When the Superior Court is asked to modify or correct an arbitrator's award, it may only do so within the parameters of the legislative authority conferred to this court for that purpose. The authorization to modify or correct an award is found at

5

14 M.R.S.A. § 5939 (1979). None of the provisions of section 5939 permit the court to modify an arbitrator's decision on the basis of judicial disagreement with the arbitrator as to the latter's application of the substantive law to the dispute under consideration. So, even though this court concurs with plaintiff's contention that he was entitled to interest on unpaid invoices as provided for by 10 M.R.S.A. § 1114(4) (1996) as well as interest as a penalty as provided for by 10 M.R.S.A. § 1118(2) (1996), it is without power to modify the arbitrator's award to correct what this court perceives as a legal error. This is because, "In bargaining for an arbitrator's decision, the parties bargain as well for the arbitrator''s interpretation of the law." *Union River Valley Teachers Ass'n v. Lamoine School Committee*, 2000 ME 57, ¶ 11, 748 A.2d 990, 993 (*quoting Board of Dirs. of Me. Sch. Admin. Dist. No. 33 v. Teachers' Ass'n of Me. Sch. Admin Dist. No. 33*, 395 A.2d 461, 463 (Me. 1978)). "A reviewing court is not empowered to overturn an arbitration award merely because it believes that sound legal principles were not applied." *Id.* Indeed, section 5939 provides limited authority to modify an award which is to occur ". . . only in those cases when a modification is necessary to correct a formal or jurisdictional deficiency in the award and when the modification will not affect the merits of the controversy." *Maine State Emp. Assoc. v. State Dep't of Corrections*, 593 A.2d 650, 652 (Me. 1991). Because the modification sought by the plaintiff would reverse a legal determination made by the arbitrator and asks for a correction which goes to the merits of the parties' dispute rather than a merely formal or jurisdictional error, it cannot be approved by this court, and the motion must be denied, even though it was timely filed and the defendants have waived any objection to the motion.

6

Accordingly, the entries will be:

Application to Court for Confirmation of Arbitrator's Award is GRANTED. Arbitrator's Decision of October 10, 2000, as modified on December 4, 2000, is CONFIRMED.

Objection to Plaintiff's Application for Confirmation and Defendants' Application to Court to Vacate Arbitrator's Award is DENIED.

Motion to Modify or Correct Arbitrator's Award is DENIED.

So ordered.

Dated: June___6___, 2001

John R. Atwood
Justice, Superior Court

7

Date Filed ___2/25/98___ ___Kennebec___ Docket No. ___CV98-54___
                                County

Action ___Assault/Battery,Contract___

# J. ATWOOD

David Presby d/b/a Presby's Painting      vs.    Pen Bay Builders, et al

| Plaintiff's Attorney          Service | Defendant's Attorney |
|---|---|
| C.H. Spurling, Esq. <br> 66 Winthrop St., PO Box 883 2 Church St <br> Augusta, Maine 04332-0883 <br> Gardiner  04345 | Philip Mancini, Esq. <br> 247 Commercial St. FOX RIDGE OFF PARK <br> Portland, Maine 04856-5964 <br> 247 COMMERCIAL ST <br> ROCKPORT  ME  04856 |

| Date of Entry | |
|---|---|
| 2/26/98 | Complaint, filed. s/Spurling, Esq.  (filed on 2/25/98) (attached Copies of Contract Summary Sheet) <br> Pretrial Scheduling Statement and Jury Demand mailed to atty. <br> Original Summons with return service made upon Erwin Wilder,c/o Pen Bay Builders, Inc., filed. <br> Original Summons with return service made upon Freese Building Associates, LP, c/o Joseph Cloutier, Clerk, filed. <br> Original Summons with return service made upon Realty Resources Chartered, c/o Joseph Cloutier, Clerk, filed. <br> Original Summons with return service made upon Pen Bay Builders, Inc., c/o Joseph Cloutier, Clerk, filed. <br> Notice, filed. s/Spurling, Esq. <br> Acknowledgement of Receipt of Summons and Complaint, filed. s/Mancini, Esq <br> Notice, filed. s/Spurling, Esq. <br> Acknowledgement of Receipt of Summons and Complaint, filed. s/Mancini, Esq <br> Notice, filed. s/Spurling, Esq. <br> Acknowledgement of Receipt of Summons and Complaint, filed. s/Mancini, Esq <br> Notice, filed. s/Spurling, Esq. <br> Acknowledgement of Receipt of Summons and Complaint, filed. s/Mancini, Esq |
| 2/27/98 | Defendants affirmative defenses, answer and counterclaim filed. s/Mancini,Esq. |
| 3/9/98 | Plaintiffs answer to counterclaim filed.  s/Spurling,Esq. |
| 3/13/98 | Pretrial scheduling statement filed.  s/Spurling,Esq. |
| 3/20/98 | Jury trial fee paid.  s/Mancini,Esq. |
| ********* <br> 3/25/98 | EXPEDITED PRETRIAL ORDER, Studstrup, J. (dated 3/20/98) <br> Discovery to be closed by 3/19/99.  This case will be placed on the jury |

Date Filed ___2/25/98___ ___Kennebec___ Docket No. ___CV98-54___
County

Action ___Assault/Battery,Contract___

# J. ATWOOD

David Presby d/b/a Presby's Painting vs. Pen Bay Builders, et al

| Plaintiff's Attorney Service | Defendant's Attorney |
|---|---|
| C.H. Spurling, Esq.<br>~~66 Winthrop St., PO Box 883~~ 2 Church St<br>~~Augusta,~~ Maine ~~04332-0883~~<br>Gardiner 04345 | Philip Mancini, Esq.<br>~~247 Commercial St.~~ FOX RIDGE OFF PARK<br>~~Portland, Maine 04856-5964~~<br>247 COMMERCIAL ST<br>ROCKPORT ME 04856 |

| Date of Entry | |
|---|---|
| 2/26/98 | Complaint, filed. s/Spurling, Esq. (filed on 2/25/98) (attached Copies of Contract Summary Sheet)<br>Pretrial Scheduling Statement and Jury Demand mailed to atty.<br>Original Summons with return service made upon Erwin Wilder,c/o Pen Bay Builders, Inc., filed.<br>Original Summons with return service made upon Freese Building Associates, LP, c/o Joseph Cloutier, Clerk, filed.<br>Original Summons with return service made upon Realty Resources Chartered, c/o Joseph Cloutier, Clerk, filed.<br>Original Summons with return service made upon Pen Bay Builders, Inc., c/o Joseph Cloutier, Clerk, filed.<br>Notice, filed. s/Spurling, Esq.<br>Acknowledgement of Receipt of Summons and Complaint, filed. s/Mancini, Esq.<br>Notice, filed. s/Spurling, Esq.<br>Acknowledgement of Receipt of Summons and Complaint, filed. s/Mancini, Esq.<br>Notice, filed. s/Spurling, Esq.<br>Acknowledgement of Receipt of Summons and Complaint, filed. s/Mancini, Esq.<br>Notice, filed. s/Spurling, Esq.<br>Acknowledgement of Receipt of Summons and Complaint, filed. s/Mancini, Esq. |
| 2/27/98 | Defendants affirmative defenses, answer and counterclaim filed. s/Mancini,Esq. |
| 3/9/98 | Plaintiffs answer to counterclaim filed. s/Spurling,Esq. |
| 3/13/98 | Pretrial scheduling statement filed. s/Spurling,Esq. |
| 3/20/98<br>********* | Jury trial fee paid. s/Mancini,Esq. |
| 3/25/98 | EXPEDITED PRETRIAL ORDER, Studstrup, J. (dated 3/20/98)<br>Discovery to be closed by 3/19/99. This case will be placed on the jury trial list 30 days after close of discovery. This Order is incorporated into the docket at the specific direction of the court.<br>Copies mailed to attys of record. |