STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-30
DHM - KEN - 6/11/2004

MAINE EDUCATION ASSOCIATION,

Plaintiff

v.

MAINE COMMUNITY COLLEGE
SYSTEM BOARD OF TRUSTEES,

Defendant

**DECISION AND ORDER**

DONALD L. GARBRECHT
LAW LIBRARY

JUN 17 2004

This matter is before the court on plaintiff's motion confirm an arbitration award pursuant to 14 M.R.S.A. § 1537.

Three teachers employed by the Maine Technical College System ("College") filed a grievance through the Maine Education Association Faculty Unit ("Union") to receive employer paid health and insurance benefits available to active employees of the Technical College system despite the fact that they had elected to receive retirement benefits while remaining employed.

After arbitration conducted pursuant to the labor contract, the arbitrator issued a decision in Boston, Massachusetts on August 13, 2002. The arbitrator found that the College was liable through the contract to provide both employee and retirement benefits to plaintiffs as bargaining unit employees. The arbitrator informed the College that they "shall make the grievants whole for cost of such benefits and to provide such insurance benefits unless prohibited by law from providing these benefits." In a footnote the arbitrator noted the defendant's argument that a 2001 amendment to Maine law might restrict defendants to receiving only health and dental coverage provided under retirement law.

On April 8, 2003, defendant sent the three grievants a total of $7,208.40 to reimburse them for out of pocket health and dental expenses for the period from September 2000 through September 2001. On February 13, 2004, plaintiff filed a Motion to Confirm Arbitration Award pursuant to 14 M.R.S.A. § 5937[1] with this court.

The language of 14 M.R.S.A. § 5937 clearly anticipates confirmation barring the situations noted in sections 5938 ("[t]he award was procured by corruption, fraud or other undue means") or extreme defects in the arbitrators work ("[t]here was evident partiality by an arbitrator appointed as neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party") and section 5939. The Law Court has stated its review of an arbitrator award is "narrow." *Union River Valley Teachers Ass'n v. Lamoine Sch. Comm.*, 2000 ME 57, ¶ 5, 748 A.2d 990, 991. The Law has further noted: "[I]n determining if an arbitrator exceeded his authority, we construe the underlying contract broadly, resolving all doubt in favor of finding that the arbitrator acted within his power." *Id.* Citing *Caribou Bd. of Educ. v. Caribou Teachers Ass'n*, 404 A.2d 212, 214 (Me. 1979).

Plaintiff asks this court to order defendant to forthwith pay grievants all out-of-pocket expenses they have made for various insurances under the contract, plus interest and attorney's fees. Plaintiff argues that defendant failed to move within 90 days pursuant to 14 M.R.S.A. § 5938 (to vacate) or § 5939 (to modify or correct).

There is no motion by defendant to vacate or modify the decision of the arbitrator. Instead, the defendant essentially argues that it has complied with the award

---

[1] Upon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 5938 and 5939.
14 M.R.S.A. § 5937

and decision as far as the law allows (paying up to and including September 2001) and that the issues raised by plaintiff with this motion are moot.

Defendant points to what it cites as 5 M.R. S.A. § 17857(5).[2] The statute (which has not been allocated) to which defendant is apparently referring is P.L. 2001, ch. 442 § 5. This law, which took effect on September of 2001 states in relevant part:

> [R]ecipients of a service retirement benefit from the Maine State Retirement System who have returned to covered employment under the retirement system in a position that would otherwise be covered by the retirement plan for state employees and teachers may not contribute to the retirement system, do not earn creditable service for their employment after retirement and do not earn any additional retirement benefits as a result of that employment. . . For purposes of participation in the state employee health insurance program pursuant to the Maine Revised Statutes, Title 5, section 285 or in dental health insurance coverage offered by the State, recipients of a service retirement benefit under the Maine State Retirement System who are retired state employees and who are reemployed as state employees must be treated as retirees under section 285, subsection 1-A for purposes of eligibility for coverage under the group plan.

P.L. 2001, ch. 442 § 5 (effective date September 21, 2001).

The one hundred and twentieth legislature further amended chapter 442 via chapter 557 L.D. stating:

> A recipient of a service retirement benefit under the Maine State Retirement System who is a retired teacher and who returns to work as a teacher under this Act is eligible for coverage under the group health insurance plan for active teachers in the school administrative unit in which newly employed. For purposes of participation in the group accident and sickness or health insurance for retired teachers pursuant to Title 20-A, section 13451, a recipient of a service retirement benefit under the Maine State Retirement System who is a retired teacher who returns to work under this Act is eligible upon ceasing work to return to coverage under the group health insurance plan in effect for active teachers in the school unit from which the teacher originally retired, including state payment of a percentage of the premium cost under section 13451.

P.L. 2001, ch. 557, § 5 (effective date July 25, 2002).[3]

---

[2] Both parties rely on this citation.

The one hundred and twenty first legislature amended the above further by adding language clarifying the effects of choosing retirement on continued accrual of retirement service credit and earnable compensation that apparently applies to employees other than teachers. *See,* P.L. 2003, ch. 387, § 14.

Defendant repeatedly points out that the arbitrator's award states that the award and relief granted plaintiff is subject to the prohibitions of Maine law. Defendant asserts that in compliance with the relevant statutes (cited above) it has compensated plaintiff as far as the law and (they argue) public policy allows. Therefore, asserts defendant, this motion is moot and should be dismissed. *Sordyl v. Sordyl,* 692 A.2d 1386, 1387 (Me. 1997).

In this case, for whatever reason, the arbitrator noted the 2001 amendment[4] but made no determination regarding its effect on the grievants benefits. The arbitrator noted that "the amendment does not appear to cover life insurance benefits" but went no further in attempting to understand the effect of the amendment or amendments on these parties. The arbitrator is correct in asserting, "[o]bviously any remedy must be consistent with Maine Law."

A remand for the purpose of asking the arbitrator to explore that relationship within the limits of contract would appear to be in order. However, the defendant does not dispute the arbitrator's award and, in fact, argues that it has complied with the award. Plaintiff seeks to have this court order an enforcement of the award which is in dispute under the provisions of 14 M.R.S.A. § 5937. This court's jurisdiction is limited to "confirm" an award. In accordance with section 5940, upon the granting of an order confirming the award, judgment is to be entered in conformity therewith and is to be

---

[3] Neither party has cited this amendment or argued that any of these employees might qualify as "retired teachers who return to work."

[4] It is unclear if the arbitrator was made aware of both amendments.

enforced as any other judgment. Under the present procedural posture, this court has no jurisdiction other than to confirm and enter judgment.

The entry will be:

Motion of plaintiff to confirm an arbitration decision and award in the matter of arbitration between Maine Technical College System and Maine Education Association Faculty Unit dated August 13, 2002, is GRANTED; the decision and award is CONFIRMED; judgment for plaintiff on the decision and award.

Dated: June _____ ℓℓ _____, 2004

Donald H. Marden
Justice, Superior Court

MAINE EDUCATIONAL ASSOCIATION - PLAINTIFF
35 COMMUNITY DRIVE
AUGUSTA ME 04330
Attorney for: MAINE EDUCATIONAL ASSOCIATION
SHAWN KEENAN
MAINE EDUCATION ASSN
35 COMMUNITY DRIVE
AUGUSTA ME 04330

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CV-2004-00030

**DOCKET RECORD**

vs
MAINE COMMUNITY COLLEGE SYSTEM BOARD OF TRUST - DEFENDANT
323 STATE STREET
AUGUSTA ME 04330
Attorney for: MAINE COMMUNITY COLLEGE SYSTEM BOARD OF TRUST
LINDA MCGILL
MOON MOSS MCGILL & SHAPIRO, PA
10 FREE STREET
PO BOX 7250
PORTLAND ME 04112-7250

Filing Document: FILING MOTION          Minor Case Type: ARBITRATION AWARDS
Filing Date: 02/13/2004

## Docket Events:

02/13/2004 FILING DOCUMENT - FILING MOTION FILED ON 02/13/2004
          Plaintiff's Attorney:  SHAWN KEENAN
          MOTION TO CONFIRM ARBITRATION AWARD WITH ATTACHED EXHIBITS A & B; MEMORANDUM OF LAW MOTION
          TO CONFIRM ARBITRATION REQUEST FOR HEARING AND PROPOSED ORDER, FILED.

02/18/2004 Party(s):  MAINE EDUCATIONAL ASSOCIATION
          ATTORNEY - RETAINED ENTERED ON 02/13/2004
          Plaintiff's Attorney: SHAWN KEENAN

02/18/2004 Party(s):  MAINE EDUCATIONAL ASSOCIATION
          MOTION - MOTION TO CONFIRM ARBITRATION FILED ON 02/13/2004
          Plaintiff's Attorney:  SHAWN KEENAN
          PLAINTIFF'S MOTION TO CONFIRM ARBITRATION WITH PROPOSED ORDER, FILED.

02/18/2004 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 02/18/2004
          ISSUED TO S. KEENAN, ESQ.

03/03/2004 Party(s):  MAINE COMMUNITY COLLEGE SYSTEM BOARD OF TRUST
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 03/03/2004
          Defendant's Attorney: LINDA MCGILL
          DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND WITH PROPOSED ORDER, FILED.

03/09/2004 Party(s):  MAINE COMMUNITY COLLEGE SYSTEM BOARD OF TRUST
          MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 03/09/2004
          DONALD H MARDEN , JUSTICE
          COPIES TO PARTIES/COUNSEL

03/10/2004 Party(s):  MAINE COMMUNITY COLLEGE SYSTEM BOARD OF TRUST
          ATTORNEY - RETAINED ENTERED ON 03/03/2004
          Defendant's Attorney: LINDA MCGILL

Printed on: 06/11/2004