STATE OF MAINE
PENOBSCOT, SS

SUPERIOR COURT
CIVIL ACTION
Docket Nos. CV-03-198/CV-04-18

Anthony DiVeto et al.,
    Plaintiffs

v.

Bell Trucking, Inc. et al.,
    Defendants

+++++++++++++++++++++

Bell Trucking, Inc. et al,
    Plaintiffs

v.

Anthony DiVeto et al.,
    Defendants

FILED & ENTERED
SUPERIOR COURT
AUG 24 2004
PENOBSCOT COUNTY

Order

DONALD L
LAW

SEP 1 3 2004

       Anthony DiVeto and Cynthia DiVeto (collectively, DiVeto) entered into a contract under which Bell Trucking, Inc. and Alan R. Lyford, Inc. (collectively, Bell), operating as general contractors, built a residential structure for them. When DiVeto failed to pay the amount due to Bell under the contract, Bell filed a mechanic's lien in the Washington County Registry of Deeds and then sought to enforce that lien in an action filed in the District Court (Machias). Through that action, Bell sought recovery of approximately $18,500. In the court proceeding, Bell moved to enforce the arbitration provision of the construction contract, which provided, "In the event of any disputes under this contract the parties agree to binding arbitration in accordance with standard AIA procedures." The court granted Bell's motion and ordered the parties to proceed to

1

arbitration. Prior to the arbitration hearing, the parties submitted to the arbitrators written statements of their positions. Through counsel, DiVeto argued that Bell's performance under the construction contract "failed to meet the contractual and implied warranties of workmanlike construction." DiVeto claimed damages of nearly $75,000.

An arbitration hearing was held. The parties presented documentary and testimonial evidence. In a decision issued on July 14, 2003, the arbitrators gave notice of their conclusion that DiVeto had failed to pay $16,000 due under the parties' contract but that DiVeto had established gross damages of $34,034.57 due to defective construction or other breaches of the construction contract. This entitled DiVeto to a net recovery of $18,034.57 from Bell. Bell wrote to the arbitrators requesting clarification, and the arbitrators responded in writing with further explanation for the basis of their decision. The arbitrators, however, did not modify their ultimate conclusion and award.

In October 2003, Bell filed a motion in the District Court action to vacate the arbitration award. Several weeks later, DiVeto filed a separate action in the Superior Court (Penobscot County) to confirm the arbitration award. The District Court action was then consolidated with the Superior Court matter.[1] The parties have agreed to submit the pending matters (Bell's motion to vacate the arbitration award, and DiVeto's motion to confirm that award) on the basis of the written submissions previously filed. The court has reviewed those submissions.

Bell makes two arguments against confirmation of the award. First, Bell contends that the arbitrators exceeded the scope of their authority when they issued a decision that rested on DiVeto's claims of defective performance. Second, it argues that the award itself is defective because the basis for the decision is unclear. The court concludes that neither contention is sufficient to preclude confirmation of the award.

Under 14 M.R.S.A. § 5938(1)(B), a court may vacate an arbitration award where "[t]he arbitrators exceeded their powers. . . ." Bell contends that because DiVeto had not filed a counterclaim in the District Court action, the arbitrators were limited to a

---

[1] DiVeto had moved to dismiss the District Court action, in part on the ground that any court proceedings based on the arbitration award must be filed in Penobscot County, because that is where the arbitration was conducted. See 14 M.R.S.A. § 5944. The two cases were consolidated in the Superior Court in Penobscot County, thus eliminating any venue problems affecting the District Court case.

2

consideration of DiVeto's alleged non-payment and, at least, could not issue an affirmative award to DiVeto. This contention, however, does not account for the comprehensive contractual language creating the parties' obligation to arbitrate in the first place: "any dispute under the [construction] contract" is subject to mandatory and binding mediation. One need not even resort to the expansive construction given to arbitration provisions, *see Bennett v. Prawer*, 2001 ME 172, ¶ 8, 786 A.2d 605, 608, to conclude that DiVeto's claim against Bell was well within the scope of the arbitration provision in this contract.

As part of this argument, Bell also argues that the evidence was insufficient to support any conclusion reached by the arbitrators that DiVeto's damages exceeded the amount sought by Bell in the first place. A decision based on any insufficiency of the evidence, however, is not one that exceeds the arbitrators' powers. *In the Matter of Arbitration Between: Eljer Manufacturing, Inc. v. Kowin Dev. Corp.*, 14 F.3d 1250, 1255-56 (7th Cir. 1994) (an award that exceeds the arbitrators' powers is one that "exceeds the powers delegated to [the arbitrators] *by the parties.*" (Emphasis added.)). That is not the case here. Bell initiated the arbitration process, which, under the contract, included all disputed matters arising under the parties' construction contract. Nothing in this record suggests that the arbitrators decided any matter outside of those parameters.

Even beyond this, the documentary evidence presented to the arbitrators, which is at least partially included in Bell's court filings, belies the suggestion that the arbitrators exceeded the issues developed by the parties. Indeed, DiVeto sought an award of damages far in excess of the amount determined by the arbitrators. Further, because Bell has not provided the court with a transcript or other meaningful record of the arbitration proceeding, it is not possible to glean the substance of the evidence that the parties presented to the arbitrators. Thus, Bell cannot succeed in its present argument, which would rest on an analysis of the hearing record. *R.C. Audette & Sons Inc. v. LaRochelle*, 373 A.2d 1226, 1228 (Me. 1977).

Bell next urges that the arbitration award should be vacated because the arbitrators did not adequately explain the basis for the decision and that it is therefore "incomplete or unclear." Bell correctly notes that an arbitration decision is unenforceable if it is unclear or incomplete. *Hearst Corp. v. Swiss Bank Corp.*, 584 A.2d 655, 658 (Me.

3

1991). Here, however, the arbitrators' decision was both clear and complete. With numerical precision, it established the amount that Bell owes DiVeto. Further, it is complete because it addresses the parties' competing claims. As a clear and complete decision, it is valid and enforceable.

The essence of Bell's argument, in actuality, is a challenge to the evidentiary basis and to the reasoning underlying the arbitration award. These are not grounds that can support an order vacating an arbitration award. *See Stockade Enterprises v. Ahl*, 905 P.2d 156, 158 (Mont. 1995) (construing Montana statute materially identical to 14 M.R.S.A. §§ 5938 and 5939). The grounds for such an order are set out in section 5938, and the sufficiency of the evidence is not among them. Thus, Bell's analysis of the merits of the arbitration decision cannot lead to an order vacating that award.

The limits of any relief to which Bell might be entitled is shown even more clearly in the distinction between sections 5938 and 5939. In the latter, if an arbitration decision is affected by "an evident miscalculation of figures," then the court itself may modify or correct the award. Bell has argued that the arbitrators' assessment of DiVeto's damages does not reflect the evidence of damages as DiVeto claimed. Bell's request for clarification from the arbitrators identifies the quantitative evidence that DiVeto submitted and notes that the numbers do not add up. This amounts to an argument that the decision is based on a miscalculation of figures, which may be an issue that the court could address under section 5939. However, Bell has clearly sought relief in the form of an order vacating the award under section 5938,[2] which, in the present circumstances, if that relief were ordered, would result in a remand to the arbitration panel. However, as is noted above, sufficiency of the evidence is not the basis for vacating an order. Bell has not moved for the court to adjust the arbitrators' decision due to any miscalculation. Without an invocation of the court's authority under section 5939, the court declines to exercise it.

The entry shall be:

---

[2] Bell's submissions expressly seek relief under section 5938, and its prayers for relief specifically seek an order vacating the arbitration award, rather than a court order modifying that decision.

4

The motion of Bell Trucking, Inc. and Alan R. Lyford, Inc. to vacate the arbitration award is denied. The motion of Anthony DiVeto and Cynthia DiVeto to confirm the arbitration award is granted. The court awards the confirmation award of $18,034.57 in favor of Anthony DiVeto and Cynthia DiVeto.

Dated: August 23, 2004

_____
Justice, Maine Superior Court
Jeffrey L. Hjelm

ANTHONY DIVETO  - PLAINTIFF
P O BOX 239
CUTLER ME 04626
Attorney for: ANTHONY DIVETO
JUDY METCALF
EATON PEABODY ET AL
PO BOX 9
167 PARK ROW
BRUNSWICK ME 04011


CYNTHIA DIVETO  - PLAINTIFF
P O BOX 239
CUTLER ME 04626
Attorney for: CYNTHIA DIVETO
JUDY METCALF
EATON PEABODY ET AL
PO BOX 9
167 PARK ROW
BRUNSWICK ME 04011


VS
BELL TRUCKING INC - DEFENDANT
BOX 4710 TIDE MILL RD
EDMUNDS ME 04654
Attorney for: BELL TRUCKING INC
DENNIS MAHAR
FLETCHER & MAHAR PA
PO BOX 402
CALAIS ME 04619-0402


ALAN R LYFORD INC - DEFENDANT
HCR 68 BOX 152
COOPER ME 04638
Attorney for: ALAN R LYFORD INC
DENNIS MAHAR
FLETCHER & MAHAR PA
PO BOX 402
CALAIS ME 04619-0402

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2003-00198


**DOCKET  RECORD**

Filing Document: FILING MOTION
Filing Date: 10/29/2003

Minor Case Type: ARBITRATION AWARDS

## Docket Events:

10/30/2003 FILING DOCUMENT - FILING MOTION FILED ON 10/29/2003
         MOTION FOR CONFIRMATION OF ARBITRATION AWARD PURSUANT TO 14 M.R.S.A. SECTION 5927, ET SEQ.
         (EXHIBITS A & B ATTACHED)

10/30/2003 Party(s):  ANTHONY DIVETO
         ATTORNEY - RETAINED ENTERED ON 10/29/2003
         Plaintiff's Attorney: JUDY METCALF

10/30/2003 Party(s):  CYNTHIA DIVETO
         ATTORNEY - RETAINED ENTERED ON 10/29/2003
         Plaintiff's Attorney: JUDY METCALF

BELL TRUCKING INC - PLAINTIFF
BOX 4710 TIDE MILL ROAD
EDMUNDS ME 04628
Attorney for: BELL TRUCKING INC
DENNIS MAHAR
FLETCHER & MAHAR PA
PO BOX 402
CALAIS ME 04619-0402


ALAN R LYFORD INC - PLAINTIFF
HCR 68 BOX 152
COOPER ME 04638
Attorney for: ALAN R LYFORD INC
DENNIS MAHAR
FLETCHER & MAHAR PA
PO BOX 402
CALAIS ME 04619-0402


vs
ANTHONY DIVETO   - DEFENDANT
CYNTHIA DIVETO   - DEFENDANT
33 ANNA ST
OCEAN RIDGE FL 33435
Attorney for: CYNTHIA DIVETO
JUDY METCALF
EATON PEABODY ET AL
PO BOX 9
167 PARK ROW
BRUNSWICK ME 04011

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2004-00018


**DOCKET RECORD**

Filing Document: FILING MOTION
Filing Date: 01/16/2004

Minor Case Type: ARBITRATION AWARDS

## Docket Events:

01/16/2004 FILING DOCUMENT - FILING MOTION FILED ON 01/16/2004
        MOTION TO VACATE ARBITRATION AWARD AND SUPPORTING MEMORANDUM WITH EXHIBIT A - M AND
        PROPOSED ORDER.   CHANGE OF VENUE FROM WASHINGTON COUNTY SUPERIOR COURT.  (CV-2003-33)   ALL
        ORIGINAL PAPERS RECEIVED AND CHECKED AGAINST WASHINGTON COUNTY SUPERIOR COURT DOCKET
        SHEET.     OBJECTION TO MOTION TO VACATE ARBITRATION AWARD AND SUPPORTING MEMORANDUM FILED
        IN WASHINGTON COUNTY SUPERIOR COURT.

01/16/2004 Party(s):  BELL TRUCKING INC
        ATTORNEY - RETAINED ENTERED ON 01/16/2004
        Plaintiff's Attorney: DENNIS MAHAR

01/16/2004 Party(s):  ALAN R LYFORD INC
        ATTORNEY - RETAINED ENTERED ON 01/16/2004
        Plaintiff's Attorney: DENNIS MAHAR

01/16/2004 Party(s):  CYNTHIA DIVETO
        ATTORNEY - RETAINED ENTERED ON 01/16/2004
        Defendant's Attorney: JUDY METCALF

01/16/2004 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 01/16/2004

Printed on: 08/24/2004