STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV05-547
RAC-CUM-1/13/0007

CAMPBELL & ASSOCIATES

Plaintiff

**ORDER ON PLAINTIFF'S
MOTION TO ENFORCE
ARBITRATION AWARD**

v.

JOSEPH SUTTON

DONALD L. GARBRECHT
LAW LIBRARY

MAY 1 3 2007

Defendant

This case comes before the Court on Plaintiff's motion to enforce an

arbitration award. Following hearing, the motion is GRANTED.

## BACKGROUND

Plaintiff, Campbell & Associates, P.A. ("Campbell"), is a Maine law firm.

Defendant Joseph Sutton ("Sutton") has residences in Boerne, Texas and Bristol,

Maine. In 2004, Sutton retained Campbell to represent him in a legal malpractice

action against Preti Flaherty ("Preti"), a Maine law firm, regarding a disputed

real estate transaction. The fee agreement in that case called for Campbell to

receive a combination of his usual hourly rate of $175.00 per hour, capped at

$20,000.00, as well as a contingent fee of 25% of any recovery. Sutton paid

Campbell a $10,000.00 retainer.

Campbell did not file suit against Preti on Sutton's behalf, although Sutton

wanted to pursue formal litigation. Ongoing settlement negotiations had

resulted in an offer of $165,000.00 from Preti to resolve the matter. Eventually,

Sutton became dissatisfied with Campbell's representation of him. Before

reaching any settlement, Sutton states that Campbell resigned as his lawyer. But,

1

the Board of Bar Overseers ("the Board") found that Sutton and Campbell *mutually* agreed to terminate the representation. Once Campbell was no longer involved in the litigation, Sutton coordinated with his longtime Texas attorney, Edward Watt ("Watt"), to help him obtain local counsel to file suit against Preti. Watt participated in negotiations with Preti's attorney, and the claim was settled for $300,000.00.

After the resolution of the Preti case, Campbell filed a complaint against Sutton in this Court for breach of contract, quantum meruit, unjust enrichment, misrepresentation, and promissory estoppel. Sutton counterclaimed for breach of contract, negligence, and misrepresentation. In April 2006, Sutton submitted a petition for fee arbitration with the Board's Fee Arbitration Commission, in which he agreed that the Commission panel's decision would be "final and binding."[1] This Court stayed the litigation pending action by the Commission.

A panel of the Commission held hearings on August 8 and September 12, 2006. On September 25, 2006, the panel officially determined that Campbell was owed $20,000.00 in hourly fees and his 25% contingency fee. The panel found that Sutton should pay Campbell $82,350.70.[2] Campbell now moves this Court to enforce the award, which Sutton argues was an abuse of the panel's discretion.

## DISCUSSION

Motion to Enforce Arbitration Award.

Maine adopted the Uniform Arbitration Act in 1967 in order to promote the resolution of disagreements without litigation. *Bd. of Directors of Me. Sch. Admin. Dist. No. 33 v. Teacher's Assn. of Me. Sch. Admin. Dist. No. 33*, 395 A.2d 461,

---

[1] *See* FAD #06-195.

[2] This represents the $9,350.70 remaining on the hourly fee and $73,000, or 25% of the $300,000 settlement, less the $2,000 that Sutton paid to his Texas attorney.

462 (Me. 1978). Arbitration is intended to be a favorable option because it provides "the prospect of finality." *Id.*

Arbitration awards reached by the Fee Arbitration Commission of the Maine Board of Bar Overseers may be enforced according to the Act. M. Bar. R. 9(i). Under the Act, a party seeking to enforce an arbitration award must apply to the Court for enforcement, and the Court "shall confirm an award," unless there is cause of vacate or modify it. 14 M.R.S. § 5937 (2005). Grounds for vacating an award include "partiality" or "corruption" of the arbitrator, an award obtained by "corruption, fraud, or other undue means," an award beyond the arbitrator's power, refusal to continue a hearing when there was good cause to do so, lack of an agreement to arbitrate, or an untimely award. *Id.* § 5938(1).

Even if a court would not have granted the relief that the panel granted, that is not grounds for the reviewing court not to approve the award. *Id.* This Court's review of the arbitrator's findings is deferential. *See Bennett v. Prawer,* 2001 ME 172, ¶ 8, 786 A.2d 605, 608. For example, when an attorney claimed that an arbitrator exceeded his authority, the Law Court noted that judicial review of an arbitrator's decision is limited and that arbitration agreements are construed to "resolv[e] all doubt in favor of finding that the arbitrator acted within his power." *Id.* (citations omitted). Because the attorney and client in *Bennett* had submitted themselves to the arbitration process, the Court held that both of them were "bound by the arbitrator's determination of legal issues." *Id.* ¶ 10, 786 A.2d at 609.

Here, Campbell and Sutton similarly submitted themselves to the binding arbitration process.[3] Sutton argues that the panel abused its discretion when making an award to Campbell because Campbell did not negotiate the ultimate settlement. He also argues that there were deficiencies in the original fee agreement between himself and Campbell, rendering the agreement unenforceable under Maine law. Yet, none of the alleged problems with the agreement, which Sutton willingly signed, constitute grounds for vacating the arbitration award under the Act. Sutton characterizes the panel's findings as improper, because they resulted in a quantum meruit-based recovery, which was an abuse of the panel's discretion.[4]

This Court deferentially reviews the panel's decision. The panel here decided that a reasonable award would be the remainder of the hourly fee agreed upon, plus the 25% contingent fee, less the fee that Sutton paid Watt for his procurement of replacement local counsel. In its Award and Determination, the panel stated that Campbell contributed significantly to the ultimate settlement amount in the Preti litigation.[5] This decision was well within the panel's power. Sutton has not established that any of the grounds listed in the Act apply to preclude confirmation of the award.

---

[3] In fact, the arbitration proceeding was the parties' second attempt to resolve this dispute. In 2005, Sutton had filed for fee arbitration, but the Commission dismissed his petition because he refused to be bound by the panel's findings. *See* FAD #05-290.

[4] This Court will not second-guess the arbitrator's decision about what award is reasonable under the circumstances. But even if the recovery should not have been based on quantum meruit, or reasonable value of services rendered, a legal error by itself is insufficient to support a finding that an arbitrator "exceeded his authority." *Bennett*, 2001 ME 172, ¶ 8, 786 A.2d at 608. "Abuse of discretion" is the only potentially statutory argument that Sutton has made.

[5] The panel conducted two hearings, the contents of which are confidential under M. Bar. R. 9(j).

The entry is:

Plaintiff's motion to enforce the arbitration award is GRANTED. Sutton is hereby ordered to act in accordance with the panel's award and determination.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: _Jan. 19, 2007_

Roland A. Cole
Justice, Superior Court

F COURTS
and County
Box 287
ne 04112-0287

JOHN CAMPBELL ESQ
PO BOX 369
PORTLAND ME 04112

_P/

OURTS
County
87
4112-0287

_Dl

DAVID VAN DYKE ESQ
PO BOX 116
LEWISTON ME 04243