STATE OF MAINE                                SUPERIOR COURT
                                              CIVIL ACTION
KENNEBEC, ss.                                 DOCKET NO. CV-06-216
                                              SKS - KEN - 2/2/2007


WILLIAM DONAHUE,

         Plaintiff

         v.                                   **ORDER AND JUDGMENT**

JEFFREY BENNETT and
DANIEL G. LILLEY,

         Defendants


This matter comes before the court on the application of plaintiff William Donahue to vacate an arbitration award or to modify or correct the award, and the defendants' cross motion to confirm the award. The arbitration decision in question results from a hearing of the Fee Arbitration Panel of the Board of Bar Overseers. All parties fully briefed the issues presented in the motions. An opportunity for oral argument was scheduled and notice was sent to all parties and attorneys. However, one attorney failed to appear for the hearing and it was cancelled. After reading the briefs, the court finds that each side has well argued all issues and the court has no questions. There is no need for further oral presentation and the court will decide the motions on briefs.

## Background

This matter arises from an attorney's fee agreement between the plaintiff – Mr. Donahue – and two independent attorneys – Mr. Bennett and Mr. Lilley. The Bennett/Lilley representation concerned relatively complex business litigation including Donahue's interest in an automobile dealership. At the beginning of their representation, Bennett and Lilley negotiated with Donahue concerning their fee

arrangement. Whatever the reason, the parties all agreed to a payment schedule which would pay the attorneys one-half of their regular hourly charges as the representation progressed, with the attorneys then having the option of being paid for the other half of their hours or receiving a contingent fee of 20% of any gross recovery upon completion of the case. Each of the attorneys would have the option of choosing the hourly rate or the contingent fee.

The legal battle was ultimately settled, though with Donahue represented by new attorneys. Bennett and Lilley then made a demand for payment of attorney's fees according to their calculations, which were disputed by Donahue. Donahue then applied for arbitration of the fee dispute by a Fee Arbitration Panel of the Fee Arbitration Commission of the Board of Overseers of the Bar, subject to prescribed rules and regulations and the Uniform Arbitration Act (14 M.R.S.A. §§ 5927-5949). Following hearing, the Arbitration Panel made initial awards to Bennett in the sum of $136,475.68 and Lilley in the sum of $249,500. The Bennett award was later modified to $241,597.25 after Bennett filed a motion for reconsideration based on the Panel's oversight in ignoring Bennett's request that he be compensated using the hourly fee option under the fee agreement.

Bennett then filed his present motion seeking to have the court vacate the award pursuant to 14 M.R.S.A. §§ 5938 and 5939, while Bennett and Lilley applied for a confirmation of the awards pursuant to section 5937 or 5938(4) or 5939(2).

## Discussion

Generally speaking, under the Uniform Arbitration Act, a court will not vacate an award except for limited reasons set forth in the statute. 14 M.R.S. § 5938(1)(A-F). Donahue states many different arguments contesting the decision of the Panel, but the arguments all resolve into two basic issues: (1) Did the Panel exceed its power with

regard to both the Bennett and Lilley decisions? and (2) Did the Panel exceed its power in amending the initial Bennett order?

With regard to the first issue, Donahue argues that the Panel erred in upholding the hybrid hourly fee/contingent fee agreement entered by the parties. The Panel carefully considered this issue and was correct in its final decision that such agreement is not forbidden under Maine Bar Rules and Ethics Opinions. The Panel was also within its powers when it pointed out that the agreement had been negotiated by sophisticated parties on both sides and with Donahue able to have changes made to his benefit.

Even if the court did not agree with the Panel's conclusions, this still would not necessarily mean that the Panel exceeded its powers. An arbitration panel is not precluded from considering novel questions of law in fee arbitration cases and its decision on such issue would not be reason in itself to vacate an award even if a court might have held differently. In short, the parties each agreed to be bound by the arbitrator's decision when arbitration was begun and they are both bound by the arbitrator's determination of legal issues. *Bennett v. Prawer*, 2001 ME 172, ¶¶ 8-10, 786 A.2d 605, 608-609. In summary, the Arbitration Panel did not exceed its powers in analyzing and upholding the fee agreement.

With regard to the second issue – modification of the Bennett award – such changes are initially governed by 14 M.R.S. § 5935 or 5939. Under section 5935, the arbitrators may modify or correct an award for any of the reasons stated in section 5939(1) paragraphs A or C. In the present case, the Panel immediately agreed with Bennett's motion for reconsideration when it recognized its oversight in calculating the Bennett award using the wrong alternative under the fee agreement. The mistake is so clear that it is akin to the "evident miscalculation of figures" which is a basis for

recalculation and modification pursuant to section 5939(1)(A). The Panel's correction of what it described as "an obvious error which would result in manifest injustice" is authorized both by the statute and common sense. Had the Panel not corrected this obvious error on its own, it would ultimately have had to do so on remand from Bennett's likely appeal pursuant to section 5945(1). Thus, the Panel's decision to correct the obvious error also represented a savings of judicial resources.

For the reasons stated above, the entry will be:

(1) Plaintiff's motion to vacate awards is DENIED.

(2) Defendants' cross-motion to confirm awards is GRANTED and the arbitration awards are CONFIRMED.

(3) Judgment shall be entered for defendant Jeffrey Bennett, consistent with the Panel's modified award, in the amount of $241,597.25.

(4) Judgment is entered for defendant Daniel G. Lilley, consistent with the Panel's award, in the amount of $249,500.

Dated: February 2, 2007

S. Kirk Studstrup
Justice, Superior Court

WILLIAM DONAHUE - PLAINTIFF
67 ASH SWAMP ROAD
SCARBOROUGH ME 04074
Attorney for: WILLIAM DONAHUE
JAMES KILBRETH - RETAINED 09/15/2006
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586


Attorney for: WILLIAM DONAHUE
VALERIE A WRIGHT - RETAINED 09/15/2006
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586


vs
JEFFREY BENNETT - DEFENDANT
PO BOX 7799,
PORTLAND ME 04112
DANIEL G LILLEY - DEFENDANT
PO BOX 4803,
PORTLAND ME 04112

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2006-00216


**DOCKET RECORD**

Filing Document: APPLICATION                 Minor Case Type: ARBITRATION AWARDS
Filing Date: 09/15/2006

## Docket Events:

09/18/2006 FILING DOCUMENT - APPLICATION FILED ON 09/15/2006
            APPLICATION TO VACATE ARBITRATION AWARD OR, ALTERNATIVELY, TO MODIFY OR CORRECT
            ARBITRATION AWARD WITH ATTACHED DOCUMENTS AND EXHIBITS.
                                                12/26/06 - REQUEST FOR HEARING AND
            PROPOSED ORDER

09/18/2006 Party(s): WILLIAM DONAHUE
            ATTORNEY - RETAINED ENTERED ON 09/15/2006
            Plaintiff's Attorney: JAMES KILBRETH

09/18/2006 Party(s): WILLIAM DONAHUE
            ATTORNEY - RETAINED ENTERED ON 09/15/2006
            Plaintiff's Attorney: VALERIE A WRIGHT

09/18/2006 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 09/18/2006
            Plaintiff's Attorney:  JAMES KILBRETH
            MAILED TO ATTY. OF RECORD.

11/20/2006 Party(s): WILLIAM DONAHUE
            SUPPLEMENTAL FILING - APPLICATION FILED ON 11/20/2006
            Plaintiff's Attorney:  JAMES KILBRETH
            AMENDED APPLICATION TO VACATE ARBITRATION AWARDS OR, ALTERNATIVELY, TO MODIFY OR CORRECT
            ARBITRATION AWARDS.

11/20/2006 Party(s): WILLIAM DONAHUE
            MOTION - OTHER MOTION FILED ON 11/20/2006